# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **REGINALD R. LOFTIN** | : | **DOCKET NO. 2:05-cv-1560** <br> Section P |
| **VS.** | : | **JUDGE MINALDI** |
| **J. P. YOUNG, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Reginald R. Loftin, pursuant to 28 U.S.C. §2241. By this petition, the petitioner seeks to challenge his sentence. This matter has been referred to the undersigned magistrate for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

Petitioner states that on October 31, 1996 he pled guilty in the United States District Court for the Eastern District of Texas to conspiracy to distribute and possession with intent to distribute a Schedule II controlled substance in violation of 21 U.S.C. § § 841(a)(1) and 846. For these offenses he was sentenced to a 360 month term of imprisonment. Petitioner contends that in determining his offense level and subsequent guideline range, the sentencing court relied on facts which were not charged in the indictment, presented to a jury, admitted by him, or proven beyond a reasonable doubt. Relying on the recent Supreme Court cases of *United States v. Booker,* — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and *Blakely v. Washington*, 542 U.S.296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the petitioner claims that his sentence was unlawfully enhanced under the federal Sentencing Guidelines.

Petitioner indicates that he has challenged his sentence by filing a direct appeal and a Motion to Vacate under 28 U.S.C. § 2255. He has also sought to challenge his sentence by filing a prior petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 in this court. *Loftin v. Young*, 2:05-cv-1357 (W.D. La. 2005). On August 22, 2005 petitioner specifically filed this petition under 28 U.S.C. § 2241, claiming that

the remedy provided by § 2255 is inadequate and ineffective to challenge his detention.

Because this petition raises arguments identical to those presented in his prior *habeas* petition filed with this court, the undersigned finds that this petition is subject to dismissal as being duplicative of the prior petition. *See Patterson v. Dretke*, 95 Fed.Appx. 705 (5th Cir. 2004). Alternatively, for the reasons given in *Loftin v. Young*, 2:05-cv-1357 [docs. 3 & 7] and in light of the Fifth Circuit's decision in *Padilla v United States*, 416 F.3d 424 (5th Cir. 2005), the court finds that it lacks jurisdiction to consider the merits of this petition because the petitioner fails to satisfy the "savings clause" of 28 U.S.C. § 2255.

For these reasons,

IT IS RECOMMENDED that this petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be DISMISSED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 7th day of November, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE